Qiu v. Holder

BIA
Segal, IJ
A087 873 654

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand fourteen.

PRESENT:
>     DENNIS JACOBS,
>     GERARD E. LYNCH,
>     RAYMOND J. LOHIER, JR.,
>         *Circuit Judges*.

_____

BING YU QIU,
>     *Petitioner*,

>     v.                                    12-4539
>                                           NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>     *Respondent*.

_____

FOR PETITIONER:        Adedayo O. Idowu, New York, New
                       York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Cindy S. Ferrier, Assistant
                       Director; Surell Brady, Trial
                       Attorney, Office of Immigration

**Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Bing Yu Qiu, a native and citizen of the People's Republic of China, seeks review of an October 10, 2012 order of the BIA affirming the August 16, 2011 decision of Immigration Judge ("IJ") Alice Segal, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Bing Yu Qiu*, No. A087 873 654 (B.I.A. Oct. 10, 2012), *aff'g* No. A087 873 654 (Immig. Ct. N.Y. City Aug. 16, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the IJ's decision as supplemented by the decision of the BIA. *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The agency's findings of fact will be affirmed if they are supported by substantial evidence, and may be overturned only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C.

§ 1252(b)(4)(B); *see also Singh v. Mukasey*, 553 F.3d 207, 212 (2d Cir. 2009).

Substantial evidence supports the agency's finding that Qiu's testimony was not credible. Qiu's testimony regarding when and how she began to practice Christianity was inconsistent with that of her uncle, who was her sole witness. Moreover, Qiu's uncle conceded that he had fabricated his testimony due to pressure from other family members. The agency reasonably relied on these material inconsistencies to conclude that Qiu was not credible. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (noting that "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible" (emphasis in original) (citation omitted)). Thus, Qiu failed to meet her burden of presenting credible evidence in support of her claim. *Mei Fun Wong v. Holder*, 633 F.3d 64, 68 (2d Cir. 2011) ("An asylum applicant bears the burden of establishing through credible evidence that he suffered past persecution or has a well-founded fear of future persecution if removed from the United States.").

Because Qiu's claims for withholding of removal and CAT relief depend on the same factual predicate as the asylum claim, the agency's adverse credibility determination also disposes of those claims. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Qiu's pending motion for a stay of removal is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4